450 So.2d 880 (1984)
Shirley QUICK, Appellant,
v.
STATE of Florida, Appellee.
No. 82-2408.
District Court of Appeal of Florida, Fourth District.
May 9, 1984.
Rehearing Denied June 27, 1984.
Richard L. Jorandby, Public Defender, Margaret Good and Lorrie Robinson, Asst. Public Defenders, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Laura L. Sellers and Robert L. Teitler, Asst. *881 Attys. Gen., West Palm Beach, for appellee.
GLICKSTEIN, Judge.
Shirley Quick, an inmate at Broward Correctional Institution, appeals judgment and sentence in a grand theft conviction in Broward County Circuit Court. One of five issues raised on appeal by itself forms a sufficient basis for reversing judgment and remanding for retrial.
For approximately three months in 1981, Ms. Quick served as cashier at cage one of the Institution's prisoners' canteen. The state's principal evidence in support of the charge of grand theft was testimony about and records of an investigation and accounting audit of the canteen's receipts. The keystone in the state's case was exhibit 27, which contained cash register tapes and daily cash reports of Ms. Quick as well as of other cashiers. Comparison of information on the tapes with the cash reports was fundamental to the auditor's calculations and crucial to the state's case. Yet there was no testimony of the records custodian or other qualified person identifying the records contained in exhibit 27 and stating they were kept in the regular order of business. See McEachern v. State, 388 So.2d 244 (Fla. 5th DCA 1980); Mastan Company v. American Custom Homes, Inc., 214 So.2d 103 (Fla. 2d DCA 1968). The absence of such testimony renders exhibit 27 inadmissible hearsay, and casts a similar pall over testimony predicated on the exhibit's contents. Moreover, the court's decision, over objection, to allow exhibit 27 into the jury room during deliberations, when the exhibit included cash register tapes and daily cash reports of other cashiers not here on trial, raises the spectre of prejudice, for Ms. Quick may have been tarred with the brush of her peers' misdeeds. See Whitted v. State, 362 So.2d 668 (Fla. 1978); Hirsch v. State, 279 So.2d 866 (Fla. 1973). Because exhibit 27 and testimony dependent thereon were fundamental to the prosecutions' case, we must find there was reversible error.
The public rightfully demands peak efficiency of its servants. Proposed Amendment One, recently removed from the November ballot, will doubtless rise again in a different guise, for it is merely a reflection of the people's continuing impatience with perceived inefficiency that results in waste of their limited resources. It cannot be denied that to err is human; in the judicial system, we have taken cognizance of that failing by installing the harmless error rule. But we dare not enshrine inefficiency or lapse into complacency merely because occasional error is inevitable.
Here the state appears to have had a strong case. Through either complacency, inefficiency or both, the state left out one nail while shoeing the proverbial horse. Now the people's court, state attorney and public defender must spend more of the public's limited resources of time, effort and money to rectify an unjustifiable lapse.
Long before the prosecutorial lapse there was inexcusable laxity in the Institution's business office that made possible continuous and persistent defalcations by canteen personnel. Had the business office done its job of checking daily cash receipts turned in against cumulative cash register totals, the shortages could have been easily prevented and no complex investigation or series of trials would have been needed. This was another instance of public servants letting their employers  the public  down. The people rightly refuse to countenance such laxity anywhere in the public service.
REVERSED and REMANDED for new trial.
ANSTEAD, C.J., concurs.
LETTS, J., dissents without opinion.