534 So.2d 808 (1988)
William DIETZ, Appellant,
v.
STATE of Florida, Appellee.
No. 88-804.
District Court of Appeal of Florida, Second District.
November 23, 1988.
Joseph F. McDermott, St. Petersburg, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michele Taylor, and Carol M. Dittmar, Asst. Attys. Gen., Tampa, for appellee.
PARKER, Judge.
Dietz appeals a judgment and sentence for the offense of attempted sexual battery on a child eleven years of age or younger. We affirm the judgment but remand for correction in the sentencing procedure.
Dietz, ninety-one years of age, was charged originally with the offense of sexual battery on a child eleven years of age or younger. In 1985, a plea negotiation resulted in Dietz pleading nolo contendere to a lesser included offense of attempted sexual battery on a child eleven years of age or younger. Dietz thereafter was sentenced to two years community control followed by six years probation.
On September 15, 1987, Dietz's community control officer filed an affidavit charging Dietz with violation of community control. *809 The affidavit, in pertinent part, stated as follows:
Affiant further states that the community controlee has not properly conducted himself, but has violated the conditions of his community control in a material respect by VIOLATION OF CONDITION (8) which states, "You will promptly and truthfully answer all inquiries directed to you by the Court or the Community Control Officer, and allow the Officer to visit in your home, at your employment site or elsewhere, and you will comply with all instructions he may give you."

IN THAT, that the community controlee was instructed to report to his Community Control Officer twice a day by phone and has failed to do so.

VIOLATION OF CONDITION (11) which states: "You will remain confined to your approved residence except for one half hour before and after your approved employment, public service work or any other special activities approved by your Community Control Officer."

IN THAT, the Community Controlee left his place of approved residence on 8/28/87 on or about 4:20 P.M. and on 8/30/87 on or about 12:30 P.M. without the knowledge or consent of his Community Control Officer.
Appellant entered a plea of not guilty to the charge.
At the hearing on the alleged violation, Thomas Martin, the community control officer, testified that he explained all conditions of community control to Dietz. These conditions included requiring Dietz to telephone the community control officer twice a day and forbidding Dietz to leave his residence without permission, except that Dietz was permitted to conduct his personal business on Fridays between noon and 3:30 p.m.
Martin testified that on Friday, August 28, 1987, at 4:20 p.m., he went to Dietz's home. Martin testified he knocked on the front door, knocked on the windows on all sides of the house, and knocked on the side door. Martin received no response and found both doors locked. Two other probation officers who supervised Dietz on other charges testified that Dietz did not have a hearing problem and that he answered the door each time they knocked or rang the doorbell.
Martin testified that the community control officer maintains a telephone log to record incoming telephone calls from community controlees. Martin then testified that the log reflected only three calls from Dietz from August 26, 1987, to September 1, 1987.
Dietz testified that he was at home at the time Martin came to the residence and testified he had telephoned as required. A neighbor of Dietz testified that it often was difficult to reach Dietz unless the doorbell was rung ten to twelve times.
Following the evidence and argument, the trial judge announced that Dietz had violated his community control; however, the judge failed to make a finding regarding the conditions that Dietz had violated. The trial judge thereafter entered a written order which found that Dietz was guilty of violating his probation but again failed to specify the conditions of community control which were violated. The judge sentenced Dietz to ten years in prison.
We find that the state failed to meet its burden of proof regarding a violation of condition eight. The information contained in the telephone logs was hearsay, and the state did not establish the necessary foundation to admit this evidence as an exception to the hearsay rule as a business record. See § 90.803(6), Fla. Stat. (1985). Without that foundation, this evidence was inadmissible as hearsay, and Dietz's community control cannot be revoked solely on the basis of hearsay evidence. McCrary v. State, 464 So.2d 670 (Fla. 2d DCA 1985).
We find the state has met its burden in proving a violation of condition eleven. In a hearing upon a violation of community control, the state must prove the violation by the greater weight of the evidence only. Swift v. State, 473 So.2d 818 (Fla. 2d DCA 1985). There was competent, substantial evidence presented to the trial judge that Dietz was not home at a time *810 when he was required to be there, and we shall not disturb that finding. Although Dietz argues that the state was required to prove Dietz's whereabouts to establish Dietz was not at home, we do not perceive this as the state's burden.
The order revoking community control must specify the conditions which have been violated. Coley v. State, 479 So.2d 277 (Fla. 2d DCA 1985). We remand the case for entry of an order of revocation of community control which finds a violation of condition eleven. Dietz need not be present for this purpose.
Although this decision will result in incarcerating a ninety-one year old man, we observe that community control was established by the legislature as an alternative to a state prison sentence. § 948.10, Fla. Stat. (1985). A defendant sentenced under this program may suffer sanctions which can include, among others, curfew, deprivation of nonessential activities or privileges, and other appropriate restraints on the offender's liberty. § 948.01(4)(a), Fla. Stat. (1985). This program is, in effect, an at home prison sentence. Any defendant sentenced under this program should realize that the sentence was an alternative to prison and a willful violation of one of the program's conditions would result in imprisonment.
The judgment and sentence are affirmed.
Affirmed in part; reversed in part. Remanded for proceedings consistent with this opinion.
DANAHY, A.C.J., and SCHOONOVER, J., concur.