537 So.2d 1030 (1988)
Mary MEDLOCK, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1714.
District Court of Appeal of Florida, Second District.
December 28, 1988.
As Clarified February 8, 1989.
*1031 James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Candance M. Sunderland, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Medlock appeals a court order finding her guilty of grand theft and imposing a probationary term. We reverse.
Medlock's theft charge resulted from Medlock allegedly taking money from a bank money machine. The money was obtained by utilizing, without permission, a bank money card belonging to a Karen Garrison, a person who had allowed Medlock to live in Garrison's home.
In order for the state to prove the unauthorized withdrawals, and over a defense hearsay objection, the trial court admitted Garrison's bank statement without the testimony of the custodian of the bank records. The trial court stated that the statement was admissible under the business records exception to the hearsay doctrine. We disagree.
Section 90.803, Florida Statutes (1987) states:
The provision of s. 90.802 to the contrary notwithstanding, the following are not inadmissible as evidence, even though the declarant is available as a witness:
(6) Records of Regularly Conducted Business Activity.
(a) A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinion, or diagnosis, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity and if it was the regular practice of that business activity to make such memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the sources of information or other circumstances show lack of trustworthiness. The term "business" as used in this paragraph includes a business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.
§ 90.803(6)(a), Fla. Stat. (1987) (emphasis added). This statute clearly required the records custodian or other qualified person employed by the bank to testify regarding the necessary predicate before the bank statement could be admitted into evidence. Without that foundation, the evidence is inadmissible as hearsay. Dietz v. State, 534 So.2d 808, (Fla. 2d DCA 1988).
Since the state relied upon Garrison's bank statement as the primary, if not the sole, evidence of the theft, we find the admission of the statement to be reversible error. See Quick v. State, 450 So.2d 880 (Fla. 4th DCA 1984).
Reversed with directions for the trial court to discharge Medlock.
SCHEB, A.C.J., and THREADGILL, J., concur.