CAMPBELL, Judge.
Appellant, Larry Miles, challenges the oral order revoking his community control on several grounds, one of which requires us to remand for entry of a proper written order revoking appellant’s community control and specifying that he violated condition eight.
Appellant was initially sentenced on June 7, 1989, to two years community control followed by three years probation on a conviction for a lewd and lascivious act on a child under sixteen. On April 26, 1990, while appellant was apparently still on community control, affidavits of violation of probation and community control were filed alleging that appellant had committed two violations of condition five (a lewd and lascivious act and a battery) and one violation of condition eight (failure to abide by the terms of his travel permit).
These violations grew out of an episode on Venice Beach in which appellant, who was properly in Venice on a work permit, was picked up and identified as having committed a lewd and lascivious act and a battery on the beach. Since appellant’s travel permit allowed him to travel outside of Hillsborough County for work purposes only, appellant’s presence on the beach constituted yet another violation of his community control. Appellant’s explanation for his presence on Venice Beach was that he was picking up shark’s teeth.
Although we agree with appellant that proof of his alleged violations of condition five were supported only by the hearsay testimony of the victim, that is not the case regarding his violation of condition eight, failure to abide by the terms of his travel permit. The state’s showing that appellant violated condition eight was sufficient to revoke his community control. The officer who stopped appellant on the beach identified his photograph in court as the man he picked up on Venice Beach. Appellant’s argument that he did not know that his actions constituted a violation is not well taken. His travel permit specified that he was to leave Hillsborough County for work purposes only. Although appellant had been given permission to go to Venice for work, he had not been given permission to go to the beach to pick up shark’s teeth. One of appellant’s community control officers had instructed him that the travel permit was for work purposes only, not leisure pursuits. Nevertheless, appellant was picked up on Venice Beach “picking up shark’s teeth.” These facts clearly show that appellant willfully violated condition eight of his community control.
Although appellant argues that this violation was minimal and does not warrant revocation of his community control under Molina v. State, 520 So.2d 320 (Fla. 2d DCA 1988), we disagree. Unlike appellant here, the defendant in Molina had committed only technical violations of his probation. The nonhearsay evidence here established that appellant had violated the terms of his travel permit, and the hearsay evidence showed that he committed two new offenses while he was unaccounted for. Although probation or community control may not be revoked solely upon hearsay evidence, hearsay evidence is admissible in such a proceeding. We find that the court could properly revoke appellant’s community control for violating condition eight.
Under Dietz v. State, 534 So.2d 808 (Fla. 2d DCA 1988), however, the court is required to specify the conditions that have been violated. We remand to the trial court for entry of a written order of revocation of community control which finds a violation of condition eight.
SCHOONOVER, C.J., and PATTERSON, J., concur.