CAMPBELL, Acting Chief Judge.
In this Anders appeal, the pro se appellant makes several arguments challenging the revocation of his probation, only one of which has any merit.
Although appellant asserts correctly that the affidavit of violation of probation incorrectly stated that appellant solicited to deliver cocaine, rather than purchase cocaine, as the trial testimony tended to show, we are not persuaded that this fact rendered the revocation improper. The offense here was alleged, albeit improperly. In such a ease, failure to raise the imperfect allegation at trial results in waiver on appeal. Brewer v. State, 413 So.2d 1217 (Fla. 5th DCA 1982), rev. denied, 426 So.2d 25 (Fla.1983). Appellant’s failure to raise this issue below has resulted in waiver.
Appellant’s second point is well taken, however. He maintains that the court erred in failing to enter a written order specifying *581 the violations found. We agree. Although the court orally found that appellant committed the new substantive drug offense and lied about being dropped off several blocks from his home by a co-worker who wanted to avoid traffic close to appellant’s home, the order following revocation does not specify what conditions were violated. Under Miles v. State, 590 So.2d 1076 (Fla. 2d DCA 1991) and Dietz v. State, 534 So.2d 808 (Fla. 2d DCA 1988), we must remand for entry of a proper order specifying the conditions of probation that appellant violated.
Probation revocation affirmed; remanded for proceedings consistent with this opinion.
BLUE, J., and BROWNELL, SCOTT M., Associate Judge, concur.