FARMER, Judge.
We reverse a conviction and sentence for stalking and remand for a new trial upon a conclusion that the trial court erroneously admitted irrelevant evidence that we are unable to find harmless.
Defendant was charged with aggravated stalking for harassing the estranged mother of his children after an injunction against domestic violence had been issued. The state sought to adduce evidence of anonymous complaints of child abuse against her new boyfriend, made after defendant and the mother had separated. HRS investigated the complaints and found them unsubstantiated. There was no evidence that defendant made the anonymous complaints, and the jury was therefore invited to speculate that it was he who had done so. Moreover, these complaints had no logical relationship to “motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.” See § 90.404(2)(a) Fla. Stat. (1997).
It was also error to admit evidence of the defendant’s conversation with the mother’s sister-in-law about the new boyfriend. The comment in opening statement was not a sufficient predicate for the state to adduce this otherwise inadmissible evidence. Similarly the alleged conversion of the $900 cheek was irrelevant to the charges.
This case was essentially a swearing match between defendant and the victim. Defendant has convinced us that the admission of this evidence was not harmless error; these errors in the trial court “harmfully affected the judgment.” See § 924.051(l)(a) and (7), Fla. Stat. (1997) (defendant has burden of demonstrating that a prejudicial error occurred in trial court; prejudicial error is one that harmfully affects judgment or sentence).
*1016 REVERSED AND REMANDED FOR A NEW TRIAL.
WARNER and KLEIN, JJ., concur.