TAYLOR, Judge.
We reverse appellant’s conviction for possession and sale of cocaine. The trial court erred by mistakenly admitting into evidence expert testimony regarding the chemical composition of controlled substances that bore no connection or relevancy to appellant’s charges at trial.
Detectives Van Lindsey and Tammy Roane of the Fort Pierce Police Department used a confidential informant (Cl) to purchase crack cocaine from the appellant during a “controlled buy.” At trial, the state admitted into evidence three cocaine rocks as “State’s Exhibit 2” after Detective Roane identified them as the cocaine rocks the Cl purchased from the appellant.
Babu Thomas, Assistant Director of the Regional Crime Lab, testified as an expert witness for the state. On direct examination, when presented with State’s Exhibit 2, Thomas noticed a discrepancy between the laboratory number on the evidence and appellant’s case number, stating: “I should point out, by the way, the laboratory number that is assigned to this ease is not the evidence that Counselor just handed me.”
After a recess, the State recalled Detective Roane. Detective Roane acknowledged that the envelope containing cocaine marked as State’s Exhibit 2 was not the cocaine involved in appellant’s case but was, in fact, drug evidence in a different case. She explained that the evidence custodian of the Fort Pierce Police Department mistakenly handed her State’s Exhibit 2 to bring to court, instead of State’s Exhibit 3, which she later retrieved and identified in court as the correct envelope containing crack cocaine for appellant’s case. State’s Exhibit 2 had the “same date, close to same time frame, also contained three rocks,” and bore Detective Roane’s initials.
The state then recalled its expert witness, Thomas. When the state began to question Thomas about the chemical composition of State’s Exhibit 2, defense counsel objected on relevancy grounds. The judge overruled the objection and allowed the State to elicit testimony that the evidence contained in Exhibit 2 was crack cocaine. State’s Exhibit 3 was also identified as crack cocaine and admitted into evidence.
The issue presented is whether the trial court erred by allowing the state’s expert to testify that the evidence introduced as State’s Exhibit 2 was cocaine, when that evidence was mistakenly admitted and was not the cocaine appellant was charged with possessing or selling to the Cl. We find that the court committed reversible error.
The admission of evidence is within the sound discretion of the trial court and will not be overturned absent a showing of an abuse of discretion. See Jent v. State, 408 So.2d 1024 (Fla.1981), modified on other grounds by Preston v. State, 444 So.2d 939 (Fla.1984); Traina v. State, 657 So.2d 1227 (Fla. 4th DCA 1995). Section 90.401, Florida Statutes (1997), defines relevant evidence as “evidence tending to prove or disprove a material fact.” Generally, relevant evidence is admissible unless its exclusion is mandated by law or its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence. See Fla. Stat., §§ 90.402 and 90.403 (1997).
In this case, appellant was charged with the sale and possession of cocaine received into evidence as State’s Exhibit 3. The cocaine admitted as State’s Exhibit 2 was inadvertently entered into evidence, without objection, before the state discovered and acknowledged that the incorrect evidence envelope had been brought to court. However, the state compounded its error by insisting that the crime lab technician be allowed to “complete” his testimony and establish that test results showed the presence of cocaine in State’s Exhibit 2. The state urged the trial court to admit this testimony to “cover all bases” and preclude the defense from capitalizing upon the confusion and arguing to the jury that the state had not proven its case.
The illicit nature of the contents of State’s Exhibit 2 had no relevancy whatsoever to the issues being tried — i.e., whether appellant sold and possessed the cocaine introduced as State’s Exhibit 3. Thomas’ testimony that State’s Exhibit 2 was cocaine did *1014 not tend to prove or disprove any fact in issue, because it was not the cocaine that appellant allegedly sold to the CL As the state conceded at trial, Exhibit 2 was wholly unconnected with appellant’s case and was evidence of a different drug offense. Hence, this testimony was clearly irrelevant, and its admission error. The admission of evidence of other or collateral crimes independent of and unconnected with the crime for which the defendant is on trial is error that is generally presumed to be prejudicial. Hirsch v. State, 279 So.2d 866 (Fla.1973); Whitted v. State, 362 So.2d 668 (Fla.1978); Quick v. State, 450 So.2d 880 (Fla. 4th DCA 1984); Denmark v. State, 646 So.2d 754 (Fla. 2d DCA 1994).
However, Section 924.051(7), Florida Statutes (1997), places the burden on the appellant to demonstrate that an error occurring in the trial court was prejudicial. See Goodwin v. State, 23 Fla. L. Weekly D1538, — So.2d -, 1998 WL 158875 (Fla. 4th DCA April 8, 1998), and Waldowski v. State, 708 So.2d 1015 (Fla. 4th DCA 1998). Upon examining the entire record, we agree with appellant that this error was prejudicial, that it “harmfully affected the judgment.” Based upon the testimony of the lead detective, the jury could have formed the impression that the “other drugs” admitted into evidence belonged to the appellant. When Detective Roane was recalled to the stand, she testified that she had conducted several controlled buys on the day of appellant’s arrest. She explained that prior to coming to court for trial, she told the evidence custodian “what case number [she] wanted and the defendant’s name.” She was given evidence later marked as State’s Exhibit 2. This exhibit had the same date, time frame, number of rocks (3), and the detective’s initials inscribed on it, as did Exhibit 3. When testifying about State’s Exhibit 3, Detective Roane stated that she also wrote the “name” on the envelope, referring to “Tyrone.” The jury could have surmised that, if the two envelopes were stored in evidence by the same detective at or near the same time, and if the detective wrote the name “Tyrone” on State’s Exhibit 3, then State’s Exhibit 2, which the evidence custodian handed over to her upon request by name, also belonged to “Tyrone.” The fact that the state did not explicitly “link the Defendant with drugs contained in Exhibit Two” does not negate this inference that the jury may have drawn. From the jury’s standpoint, there were possibly six crack cocaine rocks to consider, not just the three that appellant was charged with selling to the Cl. In any event, it is difficult to discount the distinct possibility that testimony concerning these additional drugs operated to mislead and confuse the jury and unfairly resulted in a guilty verdict against appellant.
Accordingly, we reverse appellant’s convictions and remand for a new trial.
REVERSED AND REMANDED FOR NEW TRIAL.
POLEN and STEVENSON, JJ., concur.