875 So.2d 699 (2004)
Connie NEINER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-1896.
District Court of Appeal of Florida, Fourth District.
June 2, 2004.
Carey Haughwout, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Monique E. L'Italien, Assistant Attorney General, West Palm Becah, for appellee.
KLEIN, J.
Appellant was convicted of possession of Diazepam (Valium), after it was discovered in her purse. We reverse for a new trial because the court erred in excluding evidence relevant to her defense that she had a prescription for the drug.
After appellant was arrested for DUI and transported to the breath alcohol testing facility, an employee at the facility doing an inventory of her purse discovered a plastic baggie containing ten solid Valium pills and seven pieces. Appellant gave a statement to the effect that she had obtained the Valium through a prescription in 1993. The appellant had provided the state with a 1996 Walgreens prescription; however, the strength of the Valium in that prescription was different from that of the Valim in her purse.
As part of defendant's case, and in respone to the state's introduction of her statement that she had a prescription in 1993, appellant called a former manager of a Walgreens store to testify that company policy requried Walgreens to destroy prescription records after five years. The trial court excluded this evidence on the ground that the witness was not a business records custodian qualified to testify under section 90.803(7), Florida Statutes, as to the "absence of entry in records of regularly conducted activilty." Appellant was not, however, attempting to show absence under this statute of "a regularly conducted activity to prove the nonocurrence or nonexistence of the matter." Rather, appellant wished to show why Walgreens' *700 records would not corroborate her defense that she had a prescription.
The witness proffered that he became employed as a manager by Walgreens in 1996 or 1997, and at that time there was a corporate policy requiring prescription records to be destroyed after five years. If Walgreens had filed a prescription for appellant in 1993, he explained, it would not be available because of that policy.
The state does not argue that the trial court's reasoning in excluding this evidence was correct, but contends that it was not relevant, and there was no abuse of discretion. Although some evidentiary rulings are reviewed under that standard, Jenkins v. State, 719 So.2d 1012 (Fla. 4th DCA 1998), "the question of what is relevant to show a reasonable doubt may present different considerations than the question of what is relevant to show the commission of the crime itself." Vannier v. State, 714 So.2d 470, 472 (Fla. 4th DCA 1998). "Where evidence tends in any way, even indirectly, to establish a reasonable doubt of defendant's guilt, it is error to deny its admission." Reivera v. State, 561 So.2d 536, 539 (Fla.1990). Chambers v. Mississippi, 410 U.S. 284, 302, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973) ("[f]ew rights are more fundamental than that of an accused to present witnesses in his own defense.").
Appellant's entire defense in this case was that she obtained that Valium through a prescription from Walgreens. If she had been able to produce the prescription she would not have been charged, let alone found guilty. The fact that Walgreens would have destroyed any record of this prescription was relevant to her defense in that it explained whay she could not produce a copy of the prescription. The state's argument that Walgreens's policy was not relevant is undermined by the fact that the state, in closing argument, pointed out that the appellant did not produce a prescription. Reversed.
WARNER and GROSS, JJ., concur.