ROTHENBERG, J.
N.S., a juvenile, appeals from an order withholding adjudication of delinquency and placing her on probation for credit card theft in violation of section 817.60(1), Florida Statutes (2006). N.S. claims that the trial court reversibly erred by allowing the State to introduce inadmissible hearsay evidence, over defense objection. While we agree that the evidence was improperly admitted, we conclude that the *1154 error was harmless beyond a reasonable doubt, and thus, we affirm.
Christine Minnix (“the victim”) testified that on September 14, 2006, she went to the Kendall Ice Arena (“the Arena”) for her skating lesson, which she paid for with her Bank of America debit/credit card (“credit card”). During her lesson, she left her purse in the “skating box.” After leaving the Arena, she discovered that her credit card had been taken. After notifying her bank and the police, she called the Arena.
Jane Johnson, the administrative manager at-the Arena, testified that N.S. was at the Arena on September 14, 2006. During Ms. Johnson’s testimony, the State introduced into evidence an employment application N.S. filled out on September 14, 2006, and a video surveillance tape from that date showing N.S. and another girl, who was also charged, at the Arena in the vicinity of the victim’s purse.
Detective Loyal of the Miami-Dade Police Department testified that after he retrieved the videotape and N.S.’s employment application, he made contact with N.S. After being advised of her Miranda[1] rights, N.S. waived her rights and provided Detective Loyal with a statement admitting her involvement in the theft of the victim’s credit card.
During the victim’s testimony, the State introduced, over defense objection, a computer printout of the victim’s credit card statement, listing purchases made with the credit card on the date it was stolen, under the business record exception to the hearsay rule. § 90.803(6)(a), Fla. Stat. (2007).[2] The victim identified several purchases listed on the statement that were made after she realized her credit card was missing which were neither made nor authorized by her.
In this appeal, N.S. claims that the introduction of the victim’s bank statement was error because the State failed to establish the requisite predicate for its admission under the business record exception to the hearsay rule. We agree.
Prior to admitting the computer printout under the business record exception to the hearsay rule, the State was required to lay a proper predicate which requires that a record custodian or other qualified person employed by the bank testify that the information contained in the statement was generated by a person with knowledge, that the information contained in the statement was kept in the course of the bank’s regular business activity, and that it was the regular practice of the bank to prepare such statements. § 90.803(6)(a); Brooks v. State, 918 So.2d 181 (Fla.2005); Dietz v. State, 534 So.2d 808 (Fla. 2d DCA 1988). Because that was not done in this case, the trial court erred in admitting the bank statement into evidence and in allowing the victim to testify about the information it contained.
*1155 Although the introduction of the victim’s bank statement was error, we find that it was harmless beyond a reasonable doubt. N.S. was charged pursuant to section 817.60(1) with taking or receiving the victim’s credit card after it was taken without the victim’s consent, with the intent to use, sell, or transfer the credit card to a person other than the issuer of the credit card or the credit card holder. She was not charged with using the card. Thus, any evidence regarding the unauthorized use of the credit card, especially since the statement did not identify who made the unauthorized charges, was not relevant to any element of proof for the offense charged. We also conclude that the error was harmless in light of the overwhelming evidence presented against N.S., which included the videotape showing N.S.’s presence at the Arena at the time the victim’s credit card was taken from her purse; N.S.’s proximity to the victim’s purse and strange behavior at the Arena, which appeared to be a diversionary tactic to enable the theft to be committed without detection; and her admission to Detective Loyal that she was involved in the theft of the credit card.
We also conclude that N.S.’s reliance on Medlock v. State, 537 So.2d 1030 (Fla. 2d DCA 1989), is misplaced as it is factually distinguishable. In Medlock, the defendant was charged with grand theft for taking money from a bank money machine by using a bank card belonging to the victim. Therefore, unlike the instant case, the improperly admitted bank record in Medlock was critical to an element of the required proof, and was relied on by the State as the primary, if not the sole evidence of the theft.
Affirmed.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. Section 90.803(6)(a) provides:
(6) Records of regularly conducted business activity.—
(a) A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinion, or diagnosis, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity and if it was the regular practice of that business activity to make such memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or as shown by a certification or declaration that complies with paragraph (c) and s. 90.902(11), unless the sources of information or other circumstances show lack of trustworthiness. The term ''business” as used in this paragraph includes a business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.