CASANUEVA, Chief Judge.
 

 Cederic Lovell Armstrong appeals his conviction and sentence for fraudulent use of a credit card.
 
 [1]
 
 Because the trial court erred in failing to exclude unauthenticated business records upon timely and proper defense objection, we reverse for a new trial.
 

 The fraudulently used credit card belonged to Dana Lewis. She testified that on the day after Labor Day 2007, she received a telephone call from her bank alerting her to unusual activity in her home equity credit line account. The account could be accessed by use of her credit card and its PIN,
 
 [2]
 
 which she kept together in a shoebox located in a closet in her home. Armstrong had visited with Lewis at her home during the Labor Day weekend and had had access to the room where she kept the shoebox. Later, she confronted Armstrong about the charges that she had not incurred, and he responded by saying, “I have a disease.”
 

 During Lewis’ testimony at trial, the State offered as evidence printouts of her account transactions for the relevant time period. Lewis had downloaded and printed this evidence of the transactions in her account from her bank’s website. The State sought to present these transactions to her for identification and to establish which were unauthorized. Armstrong’s defense counsel objected on hearsay grounds because the State had not produced a records custodian to testify to the authenticity of these records as required by section 90.803(6)(a), Florida Statutes (2007), nor had the State provided an affi
 
 *317
 
 davit to self-authenticate them as permitted by section 90.902(11). The trial court overruled the hearsay objection and allowed the printouts into evidence. The State presented no other evidence of the unauthorized transactions for which amounts the bank had reimbursed Lewis. The jury convicted Armstrong as charged. The trial court sentenced him to ten years’ incarceration as a habitual offender and ordered restitution to the bank for the amount of the unauthorized withdrawals.
 

 Armstrong now contends that his conviction must be reversed because this erroneously admitted hearsay evidence was the sole basis for the State’s case against him. To support this contention he cites
 
 Medlock v. State,
 
 537 So.2d 1030 (Fla. 2d DCA 1988). In
 
 Medlock,
 
 the defendant was convicted of grand theft for taking money from an ATM by using her roommate’s bank money card. This court reversed for a new trial, saying, “Since the state relied upon [the victim’s] bank statement as the primary, if not the sole, evidence of the theft, we find the admission of the statement to be reversible error.”
 
 Id.
 
 at 1031. We agree with Armstrong’s argument because
 
 Medlock
 
 is factually and legally indistinguishable and thus is controlling precedent. The bank statement used there is the same kind of hearsay as the downloaded and printed-out evidence used against Armstrong here. And Lewis’ testimony relied solely on the hearsay in this unauthenticated printout. In
 
 Medlock,
 
 the State failed to establish that the evidence was a business records exception to the hearsay rule, yet the trial court admitted the evidence without such proper authentication. In doing so it erred. 537 So.2d at 1031;
 
 see also N.S. v. State,
 
 988 So.2d 1153 (Fla. 3d DCA 2008) (finding similar error but holding it harmless because other evidence supported the conviction, thus distinguishing Medlock). For the same reason, the trial court here also erred.
 

 Reversed and remanded for a new trial.
 
 See Quick v. State,
 
 450 So.2d 880, 881 (Fla. 4th DCA 1984).
 

 SILBERMAN and LaROSE, JJ., Concur.
 

 [1]
 

 . § 817.61, Fla. Stat. (2007).
 

 [2]
 

 . A "PIN” is the "personal identification number” which must be used in conjunction with the credit card to obtain money from an ATM machine, similar to a signature if the card is used in person for a purchase. Armstrong also contends in this appeal that he could not be convicted of fraudulent use of a credit card because use of Lewis' PIN is not tantamount to representing himself as the cardholder, an element that section 817.61 requires under a plain reading of the statute. We find no merit to this argument.