# Third District Court of Appeal

## State of Florida

Opinion filed January 24, 2018.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D16-2872
Lower Tribunal No. 15-24725

————————————

**Carl Leggett,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Alberto Milian, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellee.

Before SUAREZ, LAGOA, and SALTER, JJ.

SUAREZ, J.

Carl Leggett appeals from the denial of his motion for judgment of acquittal

of the charge of grand theft. Based on the lack of any evidence at trial to prove the

necessary element of felonious intent, we find the motion for judgment of acquittal should have been granted. Therefore, we reverse and remand to vacate the conviction and for discharge of the defendant.[1]

In July 2016, the homeowner Jones hired Leggett, a carpenter, to remodel her kitchen. Jones hired Leggett on the recommendation of her nephew after having obtained estimates for the work from other contractors. Leggett took Jones to see some of his other cabinetry work, which she liked. They discussed the scope of the project, the materials to be used, the necessary demolition, and he provided Jones with material samples and colors that she approved. Leggett and Jones entered into a contract that called for the work to be completed in two weeks (contingent on delays outside of either's control). Jones gave Leggett a check for $2,250.00 representing a fifty percent deposit to enable him to purchase necessary materials. After two weeks without hearing from Leggett, Jones called him and he told her that he was experiencing delays, but would finish her custom work. From August to October, Jones left voicemails, and at some point Leggett stopped taking her calls. Jones ultimately hired another carpenter to finish the work. The State charged Leggett with third degree grand theft and contracting without a license. Leggett went to trial. The trial court denied Leggett's motion at trial for judgment of acquittal and Leggett was subsequently convicted of grand theft and sentenced

---

[1] The same day oral argument was heard in this case, the Court issued an order to the Florida Department of Corrections to immediately discharge Leggett (DC no. 391789) from prison, with this opinion to follow.

to sixty (60) months in prison.[2]  Leggett now appeals the trial court's denial of his motion for judgment of acquittal.

Our standard of review on denial of a motion for judgment of acquittal is de novo.  Pagan v. State, 830 So. 2d 792, 803 (Fla. 2002).  Grand theft requires proof of felonious intent to deprive the owner of property of its use or benefit, the critical element sought to be proven in this case.  See § 812.014(1), Fla. Stat. (2002).[3]  To prove the crime of grand theft, the State must establish that the defendant had the requisite criminal intent *at the time of the taking*.  Segal v. State, 98 So. 3d 739 (Fla. 4th DCA 2012) ("Even though a promise to perform in the future may serve as the basis of a theft, a necessary element of theft under Florida law is that the defendant must have the specific intent to commit the theft *at the time of, or prior to*, the commission of the act of taking." (quoting Stramaglia v. State, 603 So. 2d 536, 537-38 (Fla. 4th DCA 1992)).  "Intent, being a state of mind, is often not subject to direct proof and can only be inferred from circumstances."  Jones v. State, 192 So. 2d 285, 286 (Fla. 3d DCA 1966).  A motion for judgment of

_____

[2] Leggett was acquitted of the charge of contracting without a license.

[3]  Section 812.014(1), Florida Statutes (2016) provides,
(1) A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:  (a) Deprive the other person of a right to the property or a benefit from the property.  (b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.

acquittal should be granted in a circumstantial evidence case such as this if the State fails to present evidence from which the jury can exclude every reasonable hypothesis except that of guilt. McNarrin v. State, 876 So. 2d 1253, 1255 (Fla. 4th DCA 2004); Jeffries v. State, 797 So. 2d 573, 580 (Fla. 2001) ("[I]n a circumstantial evidence case, the State's evidence must be not only consistent with guilt but inconsistent with any reasonable hypothesis of innocence.").

The State sought to prove Leggett's felonious intent by Jones's testimony that Leggett cashed the deposit check the same day she gave it to him. The problem with her testimony was that she said she knew this only because her bank called her to tell her that the check was cashed that same day. The trial court overruled defense counsel's hearsay objection to her testimony, but only as to her statement that the bank called her. The hearsay objection, however, should have been sustained as to Jones's entire statement, as she also had no personal knowledge that it was, in fact, Leggett who had cashed the check. The State introduced a document it claimed to be a copy of the check that Jones had given to Leggett. The signature on the back of the check purporting to be Leggett's had been redacted by the State because Jones was unable to testify as to Leggett's signature. The State did not have a handwriting expert testify to any signature on the back of the check, it did not have Jones's bank records authenticated and introduced into evidence, nor did it call any bank personnel to testify regarding the funds' withdrawal from Jones's account.

The State was singularly unable to provide any admissible evidence that it was Leggett who had endorsed or had cashed the check. See e.g., Armstrong v. State, 42 So. 3d 315 (Fla. 2d DCA 2010) (reversing conviction where State improperly introduced unauthenticated bank documents where victim's hearsay testimony relied solely on those documents to prove theft). The State's sole evidence to establish Leggett's alleged felonious intent to steal Jones's money at the time she gave him the check was Jones's inadmissible hearsay testimony that the check was cashed by Leggett the same day it was written. See Thompson v. State, 705 So. 2d 1046 (Fla. 4th DCA 1998) (holding that the hearsay rule does not authorize hearsay testimony about the contents of business records that have not been admitted as evidence). Without Jones's inadmissible testimony and a failure of proof that the check was actually cashed, and by whom, the totality of the circumstances showed only that Leggett agreed to perform the remodeling work, took the deposit check, and subsequently failed to perform the agreed-upon task.[4] This falls far short of the competent and substantial evidence necessary to prove the felonious intent required to sustain a conviction for grand theft. The fact that Leggett failed to perform the work does not, alone, prove felonious intent. See

---

[4] The record allows for an inference that some demolition of the kitchen may have been started prior to Jones firing Leggett, as the Miami-Dade contract enforcement investigator who was assigned to photograph the work found that the replacement carpenter had already started to finish the kitchen. Further, Jones testified that she called another contractor in to finish the work, as she needed her kitchen for cooking.

Martin v. State, 379 So. 2d 179 (Fla. 1st DCA 1980) (holding no theft where money was voluntarily given pursuant to contract and defendant failed to perform the contract); Gellman v. State, 371 So. 2d 181, 182 (Fla. 3d DCA 1979) (holding the existence of the required felonious intent is for the trier of the fact to determine subject to the legal requirement that there be substantial competent evidence from which the trier of the fact may so infer that intent); see also Benitez v. State, 852 So. 2d 386, 388 (Fla. 3d DCA 2003); De La Cosa v. State, 733 So. 2d 592 (Fla. 3d DCA 1999).

Based on the facts of this case, the evidence of felonious intent presented by the State in support of its third-degree grand theft charge against Leggett was totally insufficient to support his conviction on that count and the trial court should have granted the judgment of acquittal. This is an ordinary civil breach of contract case.[5] See Segal, 98 So. 3d at 744 (finding the State failed to prove felonious intent where its evidence was not inconsistent with appellant's hypothesis that this was simply a contractual undertaking which he failed to perform—a civil matter). We therefore reverse the conviction and remand with instructions to vacate the conviction for grand theft and dismiss the case. In addition, we instruct the trial court to vacate the order for restitution as well as the imposition of costs.

Reversed and remanded with instructions.

---

[5] We are dismayed by the State's choice to pursue this criminal prosecution all the way through an appeal in the face of such weak or non-existent facts and evidence.